**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 3:04-cr-00184-RCJ |
| vs. ) | |
| ) | |
| LAVERN CHARLES FAST HORSE, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Pending before the Court is Petitioner Lavern Charles Fast Horse's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 69). For the reasons given herein, the Court denies the motion.

**I.   FACTS**

Petitioner pled guilty to one count of larceny pursuant to 18 U.S.C. §§ 661, 1151, and 1153. (*See* First J. 1, Apr. 10, 2006, ECF No. 53). Judge Brian E. Sandoval sentenced Petitioner to ten months imprisonment, to be served consecutively to any term of imprisonment imposed in a South Dakota state case, and to be followed by thirty-six months of supervised release. (*See id.* 2–3). Petitioner filed the present Petition pursuant to 28 U.S.C. § 2255 on May 6, 2008, after the term of imprisonment imposed in this case had expired, but while still subject to supervised release. On December 11, 2009, this Court revoked Petitioner's supervised release after Petitioner admitted several violations and sentenced him to ten months imprisonment, with no subsequent term of supervised release. (*See* Second J. 1, Dec. 11, 2009, ECF No. 92).

Because Petitioner is no longer imprisoned or subject to any term of supervised release

related to the present case, his Petition has become moot except to the extent he suffers collateral consequences from his conviction. Petitioner brings two claims: (1) because he was not enrolled in any Indian tribe, he was not properly subject to the Court's jurisdiction; and (2) the Major Crimes Act, under which he was convicted, was not within the authority of Congress to enact.

## II. LEGAL STANDARDS

Issues decided on direct review, or which could have been raised on direct review but were not raised, cannot be brought in a § 2255 claim. *Reed v. Farley*, 512 U.S. 339, 358 (1994). The latter kinds of claims are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See id.* There are exceptions to the procedural default rule when a defendant can show: (1) cause and prejudice; or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or legal basis for the claim," *see id.* Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

"Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

## III. ANALYSIS

Section 661 is the federal larceny statute, section 1151 defines Indian country, and section 1153 provides criminal jurisdiction over violations of section 661 committed by Indians in Indian country. Petitioner pled guilty to a superseding information that charged violations under these sections of the United States Code. Defendant signed a plea agreement admitting he was an Indian and that he committed the offense of larceny in Indian country. (*See* Plea Agreement 4, Jan. 3, 2006, ECF No. 40). Petitioner waived his right to appeal, except as to upward departures in sentencing. (*See id.* 2–3 ¶ 10).

First, Petitioner's claim that he was not an Indian subject to the statute fails. He admitted this fact and waived his right to appeal the issue. Even if he had not waived the right to appeal, he filed no timely direct appeal. Moreover, under the Indian Country Crimes Act, the federal larceny statute would have applied to Petitioner even if he were a non-Indian. *See* 18 U.S.C. § 1152 (1948) (creating federal jurisdiction to prosecute federal crimes committed by or against non-Indians in Indian country, except where an Indian has been punished by the law of the tribe for the same crime or the tribe has exclusive jurisdiction over the crime by treaty). Petitioner's argument that the Assistant U.S. Attorney was wrong when she claimed there was a Ninth Circuit case ruling that one need not be necessarily be enrolled in a federally recognized tribe to be an "Indian" under the Major Crimes Act[1] is therefore inapposite. Nor does Petitioner allege

---

[1] This was likely *United States v. Bruce*, 394 F.3d 1215, 1223–25 (9th Cir. 2005) (applying a two-prong, conjunctive, blood-and-recognition test, under which tribal enrollment is one of four factors under the second, "recognition" prong of the test). "Tribal enrollment is the common evidentiary means of establishing Indian status, but it is not the only means nor is it necessarily determinative." *Id.* at 1224 (citation and internal quotation marks omitted).

1 in the Petition that the victims were also non-Indians, so *United States v. McBratney*, 104 U.S.
2 620 (1882) would not prevent federal jurisdiction in this case even if the claim were not
3 procedurally defaulted.  Second, Petitioner argues:

> When laws surrounding guardianship and criminal laws enacted thru Major Crimes Act 1883.  The United States leveragge [sic] this thru the Treaty Clause, and Commerce Clause, from the Constitution to Congress, this language was not found, only the President, so essentially all the law really enacted since the US Constitution are null and void.

7 (Pet. 6, May 6, 2008, ECF No. 69).  The Court reads this as a claim that neither the Treaty
8 Clause, the Commerce Clause, nor any other constitutional authority gave Congress the power to
9 enact the Major Crimes Act.  The Act's constitutionality has been upheld pursuant to Congress'
10 plenary authority over the Indian tribes. *See United States v. Kagama*, 118 U.S. 375, 378–85
11 (1886).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated this 1st day of April, 2011.

_____
ROBERT C. JONES
United States District Judge